UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, *EX REL.* QUINTIN J. SCHWARTZ, SR.,<br><br>                              PLAINTIFF,<br>        -*v*-<br>DOCUMENT REPROCESSORS OF NEW YORK, INC.,<br><br>                              DEFENDANT. | **COMPLAINT**<br><br>**FILED *IN CAMERA* AND UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(B)(2)**<br><br>CASE NO.:      -CV- |

**DOCUMENT TO BE KEPT UNDER SEAL**
**(PLEASE DO NOT UPLOAD ON PACER)**

DIBBLE & MILLER, P.C.
Craig D. Chartier, Esq.
*Attorneys for Plaintiff-Relator*
*Quintin J. Schwartz, Sr.*
Office and P.O. Address
55 Canterbury Road
Rochester, New York 14607
Tel: (585) 271-1500
cdc@dibblelaw.com

Filename: \\Gwdntserver\Documents\CDC\My Documents\Pleadings\Schwartz, Quintin\Schwartz -- v3 -- Complaint.docx
Locator: 3/19/20//CDC//4//

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, *EX REL.* QUINTIN J. SCHWARTZ, SR.,<br><br>PLAINTIFF,<br><br>-v-<br><br>DOCUMENT REPROCESSORS OF NEW YORK, INC.,<br><br>DEFENDANT. | COMPLAINT FOR VIOLATIONS OF THE FALSE CLAIMS ACT<br><br>FILED *IN CAMERA* AND UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(B)(2)<br><br>JURY TRIAL DEMANDED<br><br>CASE NO.: -CV- |

Plaintiff-relator Quintin J. Schwartz, Sr. ("Relator"), through his attorneys, Dibble & Miller, P.C., on behalf of the United States of America, for his Complaint against defendant Document Reprocessors of New York, Inc. ("Defendant") alleges, based upon personal knowledge, relevant documents, and information and belief, as follows:

### INTRODUCTION

1. This action seeks damages and civil penalties on behalf of the United States of America (the "Government") and the Relator arising from false and/or fraudulent records, statements and claims made and caused to be made by Defendant and/or its owners, agents, and employees, in violation of the False Claims Act, 31 U.S.C. §§ 3729 et seq. (the "FCA").

2. The damages sought herein relate to Defendant's false representations and/or certifications under the Davis-Bacon Act (40 U.S.C. § 3141) or other prevailing wage and benefit requirements concerning Defendant's General Service Administration ("GSA") Federal Supply Schedule contract (GS-10F00126X) and/or its advertising to other customers based upon its GSA status and/or labor rates.

- 2 -

3. Defendant's owners are aware, and have been aware of major flaws in its rates of employee pay and other benefits (e.g., paid holidays, etc.), which, upon information and belief, are required by Defendant's status as a GSA contractor, and that Defendant is not, and has not been, in compliance with the GSA prevailing wage and benefit requirements, and, upon information and belief, have acted to conceal those flaws.

4. Upon information and belief, Defendant has a financial disincentive to correct the flaws in its labor rates and lack of other employee benefits because to seek to rectify the defects will require Defendant to address issues of backpay, holiday pay, and significant modification of the information submitted to the Government concerning its GSA contract and compliance with its terms. Moreover, upon information and belief, admitting the flaws may also put Defendant at a competitive disadvantage in the marketplace.

5. The FCA was enacted during the Civil War, and was substantially amended in 1986, 2009 and 2010. Congress amended the FCA in 1986 to enhance the Government's ability to recover losses sustained as a result of fraud against the United States after discovering that fraud in federal programs was pervasive and that the FCA, which Congress characterized as a primary tool for combating government fraud, was in need of modernization. The amendments created incentives for individuals to come forward with information about fraud against the Government without fear of reprisals or Government inaction and enable the use of private legal resources to prosecute fraud claims on the Government's behalf.

6. The FCA prohibits, among other things: (1) knowingly presenting, or causing to be presented, a false or fraudulent claim for payment or approval; and (2) knowingly making or using, or causing to be made or used, a false or fraudulent record or statement material to a false or fraudulent claim. 31 U.S.C. §§3729(a)(1)(A), (B). Any person who violates the

- 3 -

Filename: \\Gwdntserver\Documents\CDC\My Documents\Pleadings\Schwartz, Quintin\Schwartz -- v3 -- Complaint.docx
Locator: 3/19/20//CDC//4//

FCA is liable for a civil penalty of up to $22,363 for each such claim, plus three-times the amount of the damages sustained by the Government. 31 U.S.C. §3729(a)(l)(A) (as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 [28 U.S.C. §2461 note; Public Law 104-410]).

7. In 2009, Congress amended the FCA to clarify that a "claim" includes "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property that (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest .... " 31 U.S.C. §3729(b)(2).

8. The FCA allows any person with information about a FCA violation to bring an action on his behalf and that of the Government, and to seek a share of any recovery. The FCA requires that the complaint be filed under seal for a minimum of 60 days (without service on Defendant during that time) to give the Government (US DOJ) time to conduct its own investigation and to determine whether to join the action. 31 U.S.C.§ 3730(b)(2).

9. Based on the FCA, *qui tam* plaintiff Quintin J. Schwartz Sr. seeks, through this action, to recover all available damages, civil penalties, and other relief for the violations alleged herein in every jurisdiction in which Defendant's misconduct has taken place.

### THE PARTIES

10. Plaintiff-relator Quintin J. Schwartz, Sr. is an individual and a resident of Stanley, New York. He was a general manager for over 28 years with expertise in disaster recovery and restoration of books, documents, magnetic diskettes and disk drives, micrographic media, blueprints and maps, x-ray film, photographs and negatives, audio and video tapes. Until

- 4 -

recently, Relator was Defendant's general manager and listed as its GSA contract administrator.

11. Defendant is a New York Domestic Business Corporation, formed in 1990, with its principal office located in Penn Yan, Yates County, New York. It is a large scale restoration business specializing in disaster recovery and restoration of books, documents, magnetic diskettes and disk drives, micrographic media, blueprints and maps, x-ray film, photographs and negatives, audio and video tapes, and provides services to the Government, hospitals, municipalities and private businesses throughout North America.

### JURISDICTION AND VENUE

12. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730.

13. Although it is no longer a jurisdictional requirement, after the 2009 amendments to the FCA, to Relator's knowledge, there has been no statutorily relevant public disclosure of the "allegations or transactions" set forth in this Complaint. *See* 31 U.S.C. § 3730(e), as amended by Pub.L.No. 111-148, § 101040(j)(2), 124 Stat. 119, 901-02.

14. This Court has personal jurisdiction over the Defendant pursuant to 31 U.S.C. § 3732(a) as it authorizes nationwide service of process and because Defendant has minimum contacts with the United States. Moreover, Defendant can be found in and/or transacts and/or has transacted business in the Western District of New York.

15. Venue is proper in the Western District of New York pursuant to 28 U.S.C. §§ 1391(b)-(c) and 31 U.S.C. § 3732(a) because Defendant can be found in and/or transacts and/or has transacted business in this district, and because violations of 31 U.S.C. §§ 3729 *et seq.*

Filename: \\Gwdntserver\Documents\CDC\My Documents\Pleadings\Schwartz, Quintin\Schwartz -- v3 -- Complaint.docx
Locator: 3/19/20//CDC//4//

alleged herein occurred within this district. At all times relevant herein, Defendant regularly conducted substantial business and was principally located within this district.

## FACTUAL BACKGROUND

16. On or about February 28, 2011, Defendant was awarded work pursuant to a GSA contract (GS-10F0126X).

17. From 2011 through 2020, Defendant advertised that it was a GSA contractor and, upon information and belief, offered purportedly reduced GSA pricing to hundreds of businesses, municipalities, states, and Government agencies. During that time, Defendant provided disaster relief services to the Government and others as a result of several major disasters (e.g., Hurricanes Sandy, Matthew, Irma, Harvey and Maria), as well as many others, relatively speaking, minor disruptions caused by flooding, fires or deep freezes.

18. From 2011 to 2020, many of Defendant's projects were multi-million-dollar jobs. Three Hurricane Sandy projects alone involved approximately $8,000,000 to $10,000,000 in Defendant's sales.

19. Upon information and belief, perhaps as early as 2012, Defendant and its owners were aware of GSA prevailing wage and benefit requirements, and that Defendant was not in compliance with those requirements.

20. While Relator was Defendant's general manager and listed as its GSA contract administrator, he was not involved, in any way, with Defendant's payroll or in ensuring the GSA's prevailing wage and benefit requirements were being met by Defendant. Relator role was to manage field operations and issues related to the same, not to deal with payroll or human resource issues.

21. Until 2019, Relator was unaware of the GSA's prevailing wage and benefit requirements or that there was any potential issue with Defendant's compliance with the same.

22. In 2019, Relator learned about the GSA's prevailing wage requirements when he began to review the job duties for one of Defendant's other employees, Duncan Rioch (now deceased) who was the original GSA contact involve in creating and publishing the GSA contract, who eventually left the company due to a terminal illness.

23. In 2019, based upon information provided to him by other employees of Defendants, Duncan Rioch (now deceased) and Belinda Wilcox (front office accounting an payroll manager) which was also provided to Defendant's owners, Relator discovered that it appeared Defendant was not in compliance with GSA's wage and benefit requirements.

24. Upon learning of Defendant's potential noncompliance with the GSA's prevailing wage and benefit requirements, Realtor inquired of Defendant's owners seeking sufficient information to verify that the prevailing requirements were being met by Defendant. That information was not provided.

25. Thereafter, Relator learned from employees of Defendant that, upon information and belief, Defendant was not paying its employees according to the GSA prevailing wage requirements and Defendant was underpaying its employees, despite having sufficient profits to easily meet the wage requirements.

26. In late 2019, Relator also discovered that Defendant's owners had full knowledge of GSA's prevailing wage and benefit requirements, and that those requirements were not being met by Defendant.

27. Thereafter, Relator learned that Defendant's legal counsel had opined and confirmed in communications with Defendant's owners that Defendant was not in compliance with the

- 7 -

Filename: \\Gwdntserver\Documents\CDC\My Documents\Pleadings\Schwartz, Quintin\Schwartz -- v3 -- Complaint.docx
Locator: 3/19/20//CDC//4//

GSA wage and benefit requirements and, in order to advertise to potential customers that Defendant was a GSA contractor, Defendant would need to be compliance with the GSA wage and benefit requirements.

28. Defendant's owners advised Relator that, in spite of the opinion of Defendant's own legal counsel, Defendant did not need to comply with the prevailing wage requirements.

29. Despite due demand by Relator, Defendant's owners failed to offer Relator any justifiable basis for their position that Defendant did not need to comply with the GSA prevailing wage and benefit requirements for its employees.

30. Defendant's owners issued an ultimatum to Relator: Either submit updates to the GSA contract and certify to the Government that Defendant had met the GSA prevailing wage requirements or immediately submit your resignation.

31. After the ultimatum was issued, Relator again sought information from Defendant's owners that would permit him either to verify to the Government that GSA's prevailing wage requirements were being met or an opinion from legal counsel that there was no need for Defendant's GSA wage compliance.  Neither the information nor the legal opinion was provided to Relator.

32. Relator informed Defendant's owners that he could not and would not verify to the Government that Defendant was in compliance with GSA prevailing wage and benefit requirements because he lacked information to do so.

33. On February 19, 2020, solely because Relator could not and would not certify compliance with GSA's prevailing wage requirements, Defendant terminated Relator's employment with immediate effect.

Filename: \\Gwdntserver\Documents\CDC\My Documents\Pleadings\Schwartz, Quintin\Schwartz -- v3 -- Complaint.docx
Locator: 3/19/20//CDC//4//

34. Upon information and belief, Defendant maintains books and records that demonstrate that it is not in compliance with GSA's prevailing wage and benefit requirements.

35. Upon information and belief, Defendant maintains books and records that demonstrate that Defendant and/or its owners and/or employees were fully aware that Defendant was not in compliance with GSA's prevailing wage and benefit requirements.

36. Upon information and belief, Defendant maintains books and records that demonstrate that despite the fact that Defendant and/or its owners and/or employees were fully aware Defendant was not in compliance with GSA's prevailing wage and benefit requirements, Defendant's owners directed Relator to falsely certify to the Government that Defendant was in compliance with those requirements

37. Defendant has advertised to its customers that it is a GSA contractor ostensibly or directly falsely representing that it is or was compliance with GSA's prevailing wage requirements, when it is not in compliance with those requirements.

38. Upon information and belief, Defendant has certified that it was or will be in compliance with GSA's prevailing wage and benefit requirements, when it was not or will not be in compliance with said requirements.

39. Upon information and belief, Defendant has knowingly and/or recklessly misrepresented to the Government and/or to Defendant's other customers that it was or will be in compliance with GSA's prevailing wage and benefit requirements, when it was not or will not be in compliance with said requirements.

Filename: \\Gwdntserver\Documents\CDC\My Documents\Pleadings\Schwartz, Quintin\Schwartz -- v3 -- Complaint.docx
Locator: 3/19/20//CDC//4//

## CAUSES OF ACTION PURSUANT TO THE FALSE CLAIMS ACT

### 1. 31 U.S.C. §§ 3729(A)(1)(A)-(B) – FRAUDULENT CLAIMS & RECORDS

40. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth herein in their entirety.

41. Based on the foregoing, Defendant knowingly presented, or caused to be presented, false or fraudulent claims to the Government for payment or approval.

42. Defendant knowingly made, or used or caused to be made, or used false or fraudulent records or statements material to submit false or fraudulent claims for payment by the Government.

43. At this time, Relator cannot identify all of the false claims for payment that were made or caused to made by Defendant's conduct. The false claims were presented by Defendant, and Relator did not and does not have access to the records of all of the false or fraudulent statements, records or claims.

44. Upon information and belief, the Government, without knowledge of the false records or claims, paid and/or will pay the claims that would not be paid but for Defendant's fraudulent conduct.

45. By reason of Defendant's conduct, the Government has been damaged and continues to be damaged in an amount to be determined at trial, is entitled to the maximum penalty of up to $22,363 per violation, and to treble damages as permitted by 31 U.S.C. 3729 et seq., as amended.

### 2. 31 U.S.C. §3730(H) – RETALIATION

46. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth herein in their entirety.

47. Defendant terminated Relator's employment solely because of his lawful acts in seeking to verify that Defendant was in compliance with the GSA prevailing wage and benefit requirements and because he refused to falsely certify such compliance in the absence of that verification.

48. Relator sought said verification to ensure Defendant was not in violation of 31 U.S.C. §§3721 et seq. or to stop violations of said chapter.

49. As a result of Defendant's actions, Relator is entitled to have his employment reinstated, two-times the amount of his back pay with interest, and to special damages in an amount to be determined by the Court, including litigation costs and reasonable attorneys' fees.

WHEREFORE, *qui tam* plaintiff-relator Quintin J. Schwartz, Sr. respectfully seeks judgment against Defendant as follows:

A. Requiring Defendant to immediately cease and desist from violating 31 U.S.C. § 3729 *et seq.*;

B. For damages in an amount equal to three-times the amount of damages sustained by the United States of America due the Defendant's actions, plus civil penalties of not less than $11,181 and not more than $22,363 for each violation of 31 U.S.C. § 3729;

C. Awarding Relator the maximum amount of damages permitted by 31 U.S.C. § 3730(d);

D. Awarding Relator reinstatement of his employment, two-times the amount of his back pay then due with interest, and special damages in an amount to be determined by the Court;

E. Awarding Relator his costs, disbursements and reasonable attorneys' fees; and

F. Awarding such other and further relief as the Court may deem just, proper and equitable.

**JURY TRIAL IS HEREBY DEMANDED**

Filename: \\Gwdntserver\Documents\CDC\My Documents\Pleadings\Schwartz, Quintin\Schwartz -- v3 -- Complaint.docx
Locator: 3/19/20//CDC//4//

Dated: March 19, 2020
        Rochester, New York

DIBBLE & MILLER, P.C.

By _____
Craig D. Chartier, Esq.
*Attorneys for Plaintiff-Relator*
*Quintin J. Schwartz, Sr.*
55 Canterbury Road
Rochester, New York 14607
Tel: (585) 271-1500
cdc@dibblelaw.com

- 12 -

Filename: \\Gwdntserver\Documents\CDC\My Documents\Pleadings\Schwartz, Quintin\Schwartz -- v3 -- Complaint.docx
Locator: 3/19/20//CDC//4//