UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, *EX REL.* QUINTIN J. SCHWARTZ, SR., | Case No.: 6:20-CV-06167-EAW |
| Plaintiff, | |
| -vs- | |
| DOCUMENT REPROCESSORS OF NEW YORK, INC; ERIC LUNDQUIST; MURIEL LUNDQUIST. | |
| Defendants. | |

_____

### REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff-Relator Quintin J. Schwartz, Sr.'s ("Mr. Schwartz" or "Plaintiff") Amended Complaint continues to allege a claim under the *qui tam* provisions of the civil False Claims Act, 31 U.SC. §§ 3729-3732 ("FCA") against DRNY and its owners Muriel and Eric Lundquist (the "Lundquists") (collectively DRNY and  "Lundquists" are referred to as "Defendants"). In the body of his Amended Complaint, Mr. Schwartz continues to make only one claim under the FCA - that Defendants submitted false and/or fraudulent records, statements and reports seeking payment from the Federal government concerning its General Service Administration ("GSA") Federal Supply Contract (GS-10F0126X) (Amended Complaint, Count I, Paragraph 53). By Plaintiff's own admissions, however, the only false and/or fraudulent record, statement or report, is identified in Paragraph 29 of his Amended Complaint which is that of a "Contract Access Fee" of ¾ of 1 % for any Federal government contracts obtained which would be paid by DRNY to the Federal government. (Id. ¶29).  The fundamental disconnect here is that

1

this alleged "Contract Access Fee" submission is <u>not</u> a payment sought by DRNY from any type of government entity which may be covered under the FCA. This materially fatal flaw, not even addressed in Plaintiff's opposition briefing, warrants outright dismissal of Plaintiff's Amended Complaint with prejudice.

This discrepancy was identified in DRNY's prior dismissal motion. Rather than acknowledge this fatal flaw, Plaintiff continues to bring this same claim obfuscating the fact that this Contract Access Fee submission submitted by DRNY to pay the Federal government somehow involved violations of prevailing wage and benefit requirements under the Davis-Bacon Act (40 U.S.C. §3141)(the "DB Act") . Plaintiff's Count I under the FCA, however, makes no affirmative complaint in his FCA claim in Count I of the Amended Complaint of any DB Act violation. Further, Mr. Schwartz complains of retaliation by Defendants solely based upon his refusal to submit the Contract Access Fee submission on behalf of DRNY. Mr. Schwartz, however, offers no direct proof of any such Contract Access Fee submission other than alleged e-mail verbiage without attached e-mails discussing whether DRNY would be subject to prevailing Federal wage and hourly rate payments for a City of Jersey City Project which cries out on its face as a local, as opposed to Federal, project. At the conclusion of his Amended Complaint, Mr. Schwartz clarifies that his FCA claim is based upon DRNY's submission of false claims <u>for payment to the Federal government</u> which is disconnected from his red-herring Federal (as opposed to state and local) hourly wage and benefit disclosure claim to which he seeks no relief under the FCA. Moreover, Mr. Schwartz now maliciously names DRNY's owners, the Lundquists, as party defendants despite offering no proof of any such submissions to the Federal government for payment to DRNY or any retaliatory

measures they may have taken other than to dispute the obvious fact that the Jersey City Project was not a Federal project. After nearly two years of investigation of these allegations, the Government prudently decided not to intervene in this baseless action. Accordingly, Mr. Schwartz's Amended Complaint fails to pled an essential element of claims for payment made to the Federal government. To the exact contrary, the Contract Access Fee was a payment to be paid to the government. Moreover, none of these allegations evidence any acts taken individually by the Lundquists who should be dismissed from this proceeding as well.

### A. Schwartz Does Not Identify Any False Claim Presented or Caused to Be Presented to the Government by DRNY for Payment.

It is fundamental that, to properly allege the "what" of this FCA violation, Mr. Schwartz must show that the Defendants actually presented a false or fraudulent claim to the Federal government for payment. *United States ex rel. Johnson v. University of Rochester Medical Center,* 686 F. Supp. 2d 259, 265 (W.D.N.Y. 2010) (citing *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 785 (4th Cir. 1999). FCA liability is not triggered by "the underlying fraudulent activity or to the government's wrongful payment, but to the 'claim for payment.'" *Id.* (quoting *United States ex rel. Polansky v. Pfizer, Inc.*, 2009 WL 1456583, at *5 (E.D.N.Y. May 27, 2009) (quoting *United States v. Rivera,* 55 F.3d 703, 709 (1st Cir. 1995). Plaintiff's Amended Complaint makes no specific allegation that DRNY presented any claims for payment that were false or fraudulent. Mr. Schwartz fails to identify any instances where DRNY presented a claim for payment to a Federal Government agency that contained false representations or statements regarding the payment of hourly wage and benefit payments. Rather than pleading a valid FCA cause of action, Relator Schwartz "merely speculate[s] that a claim might exist." *Id.* at 266 (citing

*United States ex rel. Smith v. N.Y. Presbyterian Hospital*, 2007 WL 2142312 at *5-*6 (S.D.N.Y. 2007)).

Mr. Schwartz's failure to plead with the required specificity is likely due to the impossible nature of what appears to be his FCA claim.  For example, Mr. Schwartz's theory for FCA liability is premised on the assumption that DRNY is reimbursed by a Federal agent for various costs it incurs. DRNY, however, was never seeking payment. This dissonance would explain why Relator Schwartz's Amended Complaint fails to make any specific allegations about false or fraudulent payment requests as there are simply none to allege to trigger liability under the FCA.

**B.  Plaintiff Fails to Allege Viable Claims Against the Lundquist Defendants**.

The concept of piercing the corporate veil is an exception to the general rule that corporations exist independently of their owners and cannot be held liable for their actions and vice versa. It applies where "the owners of the corporation exercised complete domination over it in the transaction at issue and, in doing so, abused the privilege of doing business in the corporate form, thereby perpetrating a wrong that resulted in injury to the plaintiff."  *East Hampton Union Free School District v. Sandpebble Builders, Inc.*, 66 A.D.3d 122, 126 (2d Dep't 2009).  Allegations supporting the inference that the defendant "abused the privilege" of the corporate form are a prerequisite to stating a claim based on a corporate veil piercing theory. Id.  Factors that are considered in this analysis include "whether there was a 'failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal use.'"  *Id.* at 127 (citation omitted); see also, *AHA Sales, Inc. v. Creative Bath Products, Inc.*, 58 A.D.3d 624 (2d

Dep't 2008) (listing factors). Conclusory allegations of "bad faith" or "domination and control" alone are insufficient. *AHA Sales, supra*, 58 A.D.3d at 24.

    Plaintiff's counsel now asserts a new conspiracy theory which is not properly alleged in the Plaintiff's Amended Complaint. Needless to say, this conspiracy argument is conclusory in nature and insufficient to raise a viable claim against the Lundquist Defendants. Further there are no allegations that the Lundquist Defendants had anything to do with making false claims for payment to the Federal Government. Rather, these pleadings are nothing more than Mr. Schultz's vexatious attempt to drag DRNY management into a baseless dispute unsupported by credible proof. Accordingly, the claims against the Lundquist Defendants must be dismissed as a matter of law.

## CONCLUSION

    For all the foregoing reasons, Defendants respectfully request that the Amended Complaint be dismissed with prejudice.

DATED:    January 27, 2023

    /s/:  Glenn M. Fjermedal
    Glenn M. Fjermedal, Esq.
    DAVIDSON FINK LLP
    400 Meridian Centre, Suite 200
    Rochester, New York 14618
    Telephone:  (585) 546-6448
    *Attorneys for Defendants*